Matthew T. Miklave (MTM-9981)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4663
Attorneys for Defendant
Verizon, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KAPLAN**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JONATHAN PEMBERTON BEY,

                  Plaintiff,

          - against -

VERIZON, INC.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 CIV. 7856

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

        Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant "Verizon, Inc." ("Verizon"), by its attorneys Epstein Becker & Green, P.C., respectfully removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  The grounds for removal are as follows:

<u>THE STATE COURT ACTION</u>

        1.    Plaintiff Jonathan Pemberton Bey ("plaintiff") commenced the current action against Verizon on August 9, 2007 by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York (the "State Court Action"), and serving the Summons with Notice upon Verizon on August 10, 2007.  A copy of the Summons with Notice is annexed as Exhibit A.  These papers constitute all of the processes and pleadings to date.

2.    The State Court Action is removable from the New York State Supreme Court to this Court pursuant to 28 U.S.C. § 1441(a) and (c) because the Summons with Notice raises claims under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331 and §1337.

## BASIS FOR REMOVAL

3.    The State Court Action is a civil action that may be removed to this Court by Verizon based upon federal question jurisdiction.  Specifically, plaintiff has asserted causes of action against Verizon alleging: (1) breach of contract, (2) negligence, (3) fraud, (4) willful tort, and (5) breach of employment contract, and seeks damages in the amount of $1,000,000.  See Exhibit A.  Defendant is informed and believes that it employed plaintiff until on or about January 13, 2007.  While employed by Verizon, plaintiff's terms and conditions of employment were governed by the terms of a collective bargaining agreement between Verizon and the Communications Workers of America, AFL-CIO District One, 80 Pine Street, 37th Floor, New York, New York, 10005 ("CWA-Verizon Contract").  Defendant is informed and believes that the "contract" referenced in the State Court Action is the CWA-Verizon Contract  Accordingly, the State Court Action relates to or concerns claims involving a collective bargaining agreement subject to the provisions of the Labor Management Relations Act ( "LMRA"), as amended, 29 U.S.C. § 141 et seq.  Those claims are completely preempted by Section 301 of the LMRA, 29 U.S.C. § 185.

4.     Section 301 of the LMRA grants federal courts original jurisdiction over claims asserting the breach of collective bargaining agreements and state claims, including tort claims, requiring the interpretation of collective bargaining agreements.  See, e.g., Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); Salamea v. Macy's East, Inc., 426 F.Supp.2d 1496 (S.D.N.Y. 2006).  Although plaintiff has not specifically pled a breach of the CWA-Verizon Contract in his Summons with Notice, the "complete preemption doctrine" "converts an ordinary state common-law complaint into one stating a federal claim." See, e.g., Monastra v. Nynex Corp., No. 99 Civ. 8917 (RCC), 2000 WL 1290596 *4 (S.D.N.Y. 2000) (attached hereto as "Exhibit B") citing Caterpillar, Inc. v. Williams, 482 U.S. 382, 394 (1987); see also Mirkin v. Cintas Corp., 538 F. Supp. 145 (E.D. Pa. 1982) ("Removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by plaintiff") (internal quotations omitted). This preemption confers federal question jurisdiction in this case, without regard to the amount in controversy, pursuant to 28 U.S.C. § 1331.  Verizon is therefore entitled to remove the action pursuant to 28 U.S.C. § 1441.

5.     Assuming, arguendo, that one or more of plaintiff's claims are determined not to be removable, the entire case may nevertheless be removed pursuant to 28 U.S.C. § 1441(c), because this Court has original jurisdiction over plaintiff's claim under Section 301 of the LMRA.

6.     Even were the Court to conclude that plaintiff's "breach of contract" or "breach of employment contract" claims referenced some agreement other than the CWA-Verizon Contract, the State Court Action would nevertheless be removable under Section 301 of the LMRA as any determination regarding plaintiff's claims would require the Court to analyze and interpret the CWA-Verizon Contract. See Allis-Chalmers, 471 U.S. at 220; see also Gray

v. Grove Mfg., 971 F.Supp. 78 (E.D.N.Y. 1997) (tortious interference with contract claim preempted); Lugo v. Milford Mgmt. Corp., 956 F. Supp. 1120 (S.D.N.Y. 1997) (wrongful discharge claim preempted).

     7.     This Court has supplemental jurisdiction over plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367.

     8.     This Notice of Removal has been filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

     9.     Verizon has not yet answered the Summons with Notice filed in this action, nor has the time to answer expired.

     10.     Upon the filing of this Notice, Verizon will give written notice to plaintiff's attorney and will file a copy of this Notice with the Office of the Clerk, Supreme Court of the State of New York, New York County, and will comply with all other procedural mandates consistent with this application for removal.

     11.     By filing this Notice, Verizon does not waive, and expressly reserves, any defenses which may be available to it.

WHEREFORE, Verizon respectfully removes the State Court Action now pending in the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
      September 6, 2007

                            EPSTEIN BECKER & GREEN, P.C.

                            By: _____
                                Matthew T. Miklave (MTM-9981)
                            250 Park Avenue
                            New York, New York  10177
                            (212) 351-4663
                            Attorneys for Defendant

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*Plaintiff designates New York
County as the place of trial
The basis of the venue is the
Defendant's business address*

-------------------------------------------------------------x

Jonathan Pemberton Bey,

07110920

Plaintiff(s),    **Summons with Notice**

- against -

Verizon, Inc.,

*Plaintiff resides at 120-08
97ᵗʰ Ave, Richmond Hills,
NY 111419*

Defendant(s).

-------------------------------------------------------------x    *County of Queens*

*To the above named Defendant*

    ***You are hereby summoned*** to answer the Summons herein in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated, May 24, 2007
Defendant's address:
c/o Verizon Network City

**John DeMaio**
*Attorney For Plaintiff*
75 Maiden Lane, Suite 204
New York, NY  10038
Tel (212) 405-2104
Fax (646) 202-1439

*Notice:  The nature of this action is breach of Contract, negligence, fraud, willful tort, breach of employment Contract*

*The relief sought is $1,000,000.*
    *Upon your failure to appear, judgment will be taken against you by default for the sum of $1,000,000
with interest from May 24, 2007 and the costs of this action.*

NEW YORK
COUNTY CLERK'S OFFICE

AUG 0 9 2007

NOT COMPARED
WITH COPY FILE

Pemberton - Bey

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Jonathan Pemberton Bey,

Plaintiff(s)

-against-

Verizon, Inc.,

Defendant(s)

## Summons with Notice
Action Not Based Upon A
Consumer Credit Transaction

John DeMaio
Attorney for Plaintiff

Office, Post Office Address and Tel. No.

75 Maiden Lane, Suite 204
New York, New York 10038
Tel: (212) 405-2104
Fax: (646) 202-1439